## LAFARGE vs. RIPLEY.

APPEAL from the court of the first district.

MARTIN, J., delivered the opinion of the
court. The defendant is sued on a receipt,
which he subscribed as attorney of S. Ruggles
of New-York, for the plaintiff's note, with a
blank endorsement; the proceeds of which
were to be applied to any judgment that might
be obtained by Ruggles, or that might be found
due him, on an amicable settlement of a claim,
on which a suit was pending; but these pro-
ceeds were to be refunded with interest in case
nothing was recovered, or found due. The suit

*A party inter-
rogated on facts
and articles,
cannot, by his
answer, make
the copy of an
instrument evi-
dence, without
accounting for
the loss of the
original.*

*Nor make con-
versation be-
tween himself
and a third par-
ty, in the ab-
sence of his ad-
versary, evi-
dence against
the latter.*

was dismissed, and the plaintiff alleges that on a settlement with Ruggles, nothing appeared due to the latter.

The defendant urged, the proceeds of the note were included in a settlement which took place between Ruggles and the plaintiff; and that he acted as an attorney, and incurred no personal responsibility to the plaintiff.

He required the plaintiff to answer, on oath, whether he (the plaintiff) had, or ever had had in his possession, or under his control, the settlement with Ruggles.

The plaintiff answered affirmatively, and spread in his answer a copy of this settlement; adding that Ruggles refused to admit the defendant's receipt for the note, or to credit him for its proceeds; alleging that the defendant had never apprised him of this advance. He further said the defendant had promised to confess judgment within two months from the inception of the suit; and that he (the plaintiff) had settled with Ruggles, as he did, on account of Ruggles' insolvency; that Ruggles owed him $2,700, which he had remitted.

The plaintiff had judgment and the defendant appealed.

East'n. District
March, 1826.

LAFARGE
vs.
RIPLEY.

Our attention is first to be given to a bill of exceptions, which was taken to the opinion of the court, on refusing to strike off every part of the answer to the interrogatory, except the admission that the plaintiff was in possession of the settlement with Ruggles.

Whatever latitude may be taken by a party who is interrogated, he certainly cannot make the copy of an instrument evidence without accounting for the loss of the original; neither can he make conversation between himself and a third party, in the absence of the antagonist, evidence against the latter. The judge, therefore, in our opinion, erred in refusing to order the copy of the settlement, and the naration of what Ruggles told the plaintiff, to be struck out.

Proceeding to examine the case on the merits, we find the plaintiff urges in this court that,

1. The contract was entered into without authority.

2. Ruggles had no notice of the contract, and therefore was not bound.

3. The contract was onerous *quoad* the interest.

4. Nor was it beneficial to Ruggles.

LAFARGE
*vs.*
RIPLEY.

I. The defendant was the attorney of Ruggles, in his suit against the present plaintiff, and there is on record a letter from Ruggles, in which he authorises the defendant to act as an arbitrator, as well as his attorney, in prosecuting the suit; and Ruggles expresses his anxiety to obtain security for the debts. On this point we think the defendant confined himself within his client's instructions.

II. The agent's neglect to notify the principal, does not affect the obligation of the latter to a third party.

III. Interest was to be paid, at the legal rate in New-York, Ruggle's domicil, after the maturity of the note; in case nothing being due, its proceeds were to be refunded. The use of the money balanced that inconvenience, and if it existed, it was counterbalanced by the advantage of obtaining security. In this circumstance we do not think the defendant exceeded his authority.

IV. What has just been observed is in answer to the fourth objection.

Lastly. The instrument on which the suit is brought, was subscribed by the defendant in his capacity of attorney to Ruggles. The plaintiff ought not to have accepted it, if he

wished for the responsibility of the defendant, and not that of Ruggles. The plaintiff giving his note is a strong presumption that he considered himself the debtor of Ruggles, and that he feared judgment would be obtained; the responsibility of Ruggles was more important to him, in order to allay his uneasiness, than that of the defendant's. Be that as it may, the evidence shows that Ruggles', not the defendant's, responsibility was secured by the arrangement.

But the plaintiff has sworn that Ruggles owed him $2,700, and he was insolvent; consequently the plaintiff remitted the debt, and that the defendant promised to pay and to confess judgment.

There is very little connection between these two facts and the propounded interrogatory; nor are they of any help in qualifying the legal answer; viz. that the plaintiff had the settlement in his possession.

The insolvency of Ruggles, may show that the plaintiff erred in preferring Ruggles' responsibility to the defendant's; but this error cannot affect the latter.

The defendant's promise was not *alleged*, if it was made on the basis of a different obli-

East'n. District, gation than that now presented by the peti-
*March*, 1826.
tion.   The plaintiff's assertion, uncalled for,
LAFARGE   unnecessary to explain or modify his legal an-
*vs.*
RIPLEY.   swer and discrepant from the pleadings, can-
not be admitted as sufficient evidence of the ab-
sence or abuse of power in the attorney, while
there is positive evidence of that authority.

It is therefore ordered, adjudged, and de-
creed that the judgment of the district court
be annulled, avoided and reversed ; and that
there be judgment for the defendant, with
costs in both courts.

*Eustis* for the plaintiff, *Ripley* for the de-
fendant.